# SUSAN C. WOLFE, ESQ.

Law office of Susan C. Wolfe
2400 Johnson Avenue Suite 1G
Riverdale, New York 463

Tel:     (646) 493-7053
Email:  scwolfe@scwolfelaw.com                    Diane Fischer, of Counsel

March 2, 2026

United States Court of Appeals
For the Second Circuit
40 Foley Square
New York, New York 10007
Attn:  Clerk of the Court

**Re:**  *United States of America v. Tartaglione* No. 24-1852

Dear Clerk of Court:

I have been asked to submit this letter to clarify the reasons for the filing of two separate sealed briefs and appendices in this case, in addition to a main brief.

Appellant previously moved for, and was granted, permission to file a separate sealed brief addressing the *ex parte Curcio* proceedings in the district court, wherein it was alleged that appellant's trial counsel had a conflict of interest and should be disqualified.  The proceedings involved numerous references to attorney-client communications.  At a certain point, the government became a party to the proceedings, represented by a "filter team" of attorneys, who were "walled off" from the trial prosecutors.

The parties agreed that the proceedings, sealed in the district court, should continue to be sealed in this Court, and the Court entered an order permitting each party to submit a sealed brief and appendix, the remaining issues to be addressed in the public brief and appendix.  The government is represented on the sealed portion of the appeal by members of the filter/firewall team.

United States Court of Appeals, Second Circuit
March 2, 2026
Page 2

Meanwhile, another attorney on the defense team, Inga Parsons, was conferring with the trial prosecutors about exhibits filed under seal in the district court in connection with post-trial motions. Those documents are subject to a protective order and the government requested that the exhibits and arguments based on them be filed under seal; appellant did not disagree. Unsure of whether she was required to make a motion to file another sealed brief and appendix, Ms. Parsons contacted the Clerk's Office for clarification and was advised that the additional sealed arguments and materials could be included in the already authorized sealed brief and appendix.

What neither Ms. Parsons or the clerk realized at the time is that the sealed brief and appendix already authorized cannot be disclosed to any members of the United States Attorney office, except the filter team; as a result, the two sets of sealed arguments and appendices cannot be combined. Therefore, there would have to be one brief and appendix accessible to the filter team only, and another sealed brief and appendix accessible to the trial team prosecutors and their appellate counterparts. Ms. Parsons has filed a sealed brief and appendix. A motion to extend the time to file the *ex parte/Curcio* sealed brief and appendix is pending.

With respect to the sealed *Curcio* proceedings, after conferring with the government about the appendix, we discovered that the government does not have a large portion of the *ex parte* record, especially for the time period before the government became a party to the proceedings. Since I will be referring to those materials in the arguments and including them in the appendix, I have applied to Judge Karas to unseal them to the extent of disclosing them to the government. My motion for an extension of time to accomplish that is pending.

Please let me know if you have any questions and if I can provide any further clarification.

Respectfully submitted,

S/
Susan C. Wolfe