

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 4, 2026

**<u>BY ECF</u>**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: ***United States v. Nicholas Tartaglione*, 16 Cr. 832 (KMK)**

Dear Judge Karas:

   The Government respectfully submits this letter in response to the April 30, 2026, motion filed by The New York Times (Dkt. 609) to unseal certain portions of the sealed, *ex parte* conflict-of-interest proceedings this Court conducted in the above captioned case from 2019 through 2021.[1]

   The unsealing motion summarizes the relevant procedural history as set forth on the public docket of this case. In short, in or about 2019, matters arose inside the umbrella of Tartaglione's attorney-client privilege regarding conflicts of interest held by some of his attorneys. (Dkt. 260). This Court conducted the resulting *Curcio* proceedings *ex parte* and under seal to investigate and resolve these matters while maintaining Tartaglione's attorney-client privilege. The Government is unaware of the subject matter of the *Curcio* proceedings beyond what was publicly indicated in this Court's May 25, 2021, bottom-line order concluding the proceedings (Dkt. 260) and what has been described in the unsealing motion.[2]

   The Times identified a public interview Tartaglione gave during the summer of 2025 in which he disclosed the purported discovery of a note in his cell at the Metropolitan Correctional Center from a time when he and Jeffrey Epstein were cellmates. Tartaglione also disclosed discussions he had about the purported note with his attorneys, work his attorneys purportedly did to authenticate the note, and the purported filing of the note with this Court. (*See* Dkt. 609 at 4-5). Because of the *ex parte* nature of the *Curcio* proceedings, the Government has no independent knowledge as to whether those matters were one of the subjects of the proceedings, nor does the

---

[1] *See United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) (addressing procedures for investigating attorney conflicts of interest and securing waivers of such conflicts).

[2] All references to the Government in this letter exclude the two Assistant United States Attorneys who have been specially designated as firewall counsel and included in the *ex parte*, privileged proceedings, who this Court has ordered not to disclose any information or records from the proceedings to other Department of Justice personnel or any other person so as to maintain Tartaglione's attorney-client privilege.

Government have any knowledge as to the accuracy of the factual narrative described in the interview.

If Tartaglione has publicly disclosed matters occurring in the *Curcio* proceedings, then his public statements constitute a waiver of the need for continued sealing as to the matters he has publicly disclosed. Specifically, the Government is not aware of any compelling interest in maintaining under seal matters as to which Tartaglione has made voluntary public statements, given that sealing was for Tartaglione's benefit in the first instance. By contrast, there appears to be a strong public interest in the circumstances surrounding Epstein's death as described in the unsealing motion.

That said, because the Government has no knowledge as to the contents of the *Curcio* proceedings or the accuracy of the factual narrative described in the unsealing motion, the Government defers to the Court to determine whether there has been a waiver and, if so, the scope of the materials that should be unsealed.[3]

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:   /s/ Sean S. Buckley
      Sean S. Buckley
      Deputy United States Attorney
      Jacob R. Fiddelman
      Assistant United States Attorney

CC:    Susan Wolfe, Esq. and Inga Parsons, Esq., counsel for Nicholas Tartaglione (by ECF)
        Al-Amyn Sumar, Esq., counsel for The New York Times (by email)

---

[3] With regard to the scope of any waiver, to the extent the *Curcio* proceedings addressed matters as to which Tartaglione has not made public disclosures, absent factors not known to the Government, those portions of the materials should remain *ex parte* and under seal to continue to protect Tartaglione's attorney-client privilege.