

The New York Times
Company

Al-Amyn Sumar
Legal Department

T 202 862 7705

al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

May 6, 2026

**VIA EMAIL**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re:     *United States v. Tartaglione*, 16-cr-832 – Unsealing of Judicial Records

Dear Judge Karas:

I write on behalf of The New York Times Company and reporters Benjamin
Weiser, Jan Ransom, and Steve Eder (together, "The Times") in further support
of our request to unseal judicial records in the above-captioned case. In
particular, The Times reiterates its request that the Court immediately unseal the
suicide note purportedly authored by Jeffrey Epstein and reportedly submitted to
the Court by Mr. Tartaglione's attorneys (the "Note").

After The Times submitted its unsealing application on April 30, 2026, the Court
ordered the parties to respond by May 4, noting that "[n]o extensions will be
granted." Dkt. 609. The Government conveyed its position in a letter filed that
day. Dkt. 611. According to the public docket, Mr. Tartaglione's attorneys failed
to file any response, which under normal circumstances would mean he has
forfeited the right to justify continued sealing. *Cf., e.g.*, *In re UBS Ag Sec. Litig.*,
2012 U.S. Dist. LEXIS 141449, at *34 (S.D.N.Y. Sep. 28, 2012) (concluding that
a party "concede[d]" an issue "through silence").

Immediate unsealing of the Note is warranted. Even if the Note had at some point
been protected by attorney-client privilege (and, at least based on what is
publicly known, it is not clear how it could have), Mr. Tartaglione has now
revealed both its existence and contents. There is no justification for the
continued secrecy of that discrete document. As for the other records sought by
The Times, we appreciate that they are potentially voluminous and that some
portions may implicate privileged information. The Times submits that these
records should be reviewed by the Court to determine what portions are subject
to continued sealing, consistent with First Amendment and common law
standards, and what portions can now be released.

Notably, proceeding in this manner is consistent with the position taken by the Government in its letter. The Government does not dispute The Times's argument that both the common law and First Amendment rights of access apply to the *Curcio* proceedings and related records. *See* Dkt. 611. It claims that, apart from two firewall attorneys involved in the *Curcio* proceedings, the Department of Justice has "no independent knowledge" of what those proceedings involved. *Id.* at 1 & n.2. But it agrees, in principle, with The Times's waiver argument: "If Tartaglione has publicly disclosed matters occurring in the *Curcio* proceedings, then his public statements constitute a waiver of the need for continued sealing as to the matters he has publicly disclosed." *Id.* at 2. And it agrees that "there appears to be a strong public interest in the circumstances surrounding Epstein's death as described in the unsealing motion." *Id.*

We thank the Court for its consideration.

Respectfully submitted,

Al-Amyn Sumar

cc:     All counsel of record (via e-mail)

The Clerk of Court is respectfully directed to docket this letter.  So ordered.

May 6, 2026

2