**SUSAN C. WOLFE, ESQ.**
Law office of Susan C. Wolfe
2400 Johnson Ave, Suite 1G
Bronx, York 10463

Tel:   (917) 209-0441                                                    Diane Fischer,
Email:  scwolfe@scwolfelaw.com                                   of counsel

                                              May 4, 2026
Honorable Kenneth M. Karas          **Submitted under Seal**
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

**Re:  *United States v. Nicholas* Tartaglione** 16-cr-832 (KMK)

Dear Judge Karas:

       Since Jeffrey Epstein's suicide at the MCC in 2019, Mr. Tartaglione
has been taunted with rumors that he assaulted and/or killed Epstein,
when he had done the opposite – he gave Epstein CPR.  Mr. Tartaglione
was given the opportunity to confront those rumors when reporters
contacted him about Epstein's suicide.  To the extent Tartaglione has
shared information about the Epstein Note with third parties, that
information is no longer privileged, and we agree with the New York
Times that the Note should be unsealed

       The New York Times acknowledges that only information that
pertains to what has already been disclosed by Mr. Tartaglione may be
properly unsealed.  Responding to each of the Times' requests:

       1) The Epstein Note; Tartaglione has no objection to disclosure of
the Note, which the court directed to be delivered to the Court;

       2)  Curcio Counsel's Report: Tartaglione does not object to the
disclosure of those portions of the Report that factually and specifically
pertain to the Note and any references to authenticating it.  He does not

Hon. Kenneth M. Karas
May 4, 2026
Page 2

object to the disclosure of the paragraph on page 7 of the Report which states: "[*Curcio* counsel later learned that] prior to telling Attorney Barket about the Note, Mr. Tartaglione had told an MCC officer about the Note but expressed concerns to the officer that if given to MCC officials, the Note would not be properly safeguarded. The officer tacitly agreed."

The rest of the Report relies heavily upon privileged communications relayed to *Curcio* counsel by Learned Counsel and should remain sealed.  Like a Presentence Report, the *Curcio* report was prepared to assist the court and should not be disclosed to third parties. *See United States v. Pena*, 227 F.3d 23, 26 (2d Cir. 2000)  ("in preparing presentence reports, the Probation Service acts as an arm of the court"  . . . "the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge." ).

3)  The Hearing Transcripts; a relatively small portion of the 4-day hearing involves actual testimony. Tartaglione has no objection to the disclosure of the testimony pertaining to the Note.

4)  The Court's oral order disqualifying Wieder was lengthy and the Note was of lesser importance to the decision (it was not the basis for disqualification).  Tartaglione does not object to disclosure of those portions of the decision pertaining to the Note.

Mr. Tartaglione does not consent to the disclosure of any other portions of the Report, transcripts or court orders, or any other portions of the *Curcio* proceedings.

In connection with the appeal, defense counsel suggested to the prosecutors a stipulation that nothing from the *Curcio* proceedings may be used against Tartaglione, as an alternative to litigating a sealed appeal on a sealed record.  The prosecutors declined.  We request such an Order from this Court prior to the unsealing of any portion of the Curcio proceedings other than those described above.

Hon. Kenneth M. Karas
May 4, 2026
Page 3

Like post arrest statements that are suppressed if not made voluntarily, we submit that statements Tartaglione's attorneys made during the walled-off *Curcio* proceedings should not be used against him in the event of a retrial ███████████. *See United States v. Esformes*, 60 F.4th 621, 628-629, 632 (11th Cir. 2023 (improperly trained agents seized attorney-client privileged documents during search of an attorney's office and passed them on to the prosecutors; because the documents were suppressed defendant was not otherwise prejudiced).

As the Court may recall, Mr. Tartaglione did not ask for the *Curcio* inquiry. He opposed it.



He did not voluntarily relinquish or waive the attorney-client privilege.

We submit that the arguments about the Note (and all other matters), in court and in written submissions, which are voluminous, should remain sealed. Unsealing would prejudice Tartaglione in the event of a retrial ███████████. For these reasons among others, we submit that only the Note and factual information directly related to it should be unsealed and made public.

Finally, we request that this letter be accepted and maintained under seal until the Court sets parameters for what should remain under seal. In the meantime, with the Court's permission, we will file a much-abridged version of this letter on the public docket so that our position does not remain a mystery.

Hon. Kenneth M. Karas
May 4, 2026
Page 4


Thank you for your attention.

Very truly yours,

s/
SUSAN C. WOLFE
INGA PARSONS


The Court determines that, at this juncture, these redactions are appropriate as they refer to materials that, Defendant argues, should remain under seal to preserve his attorney-client privilege. If the Court determines that certain of the redactions Defendant proposes as to the materials requested by the Times are not warranted, then the Court may revisit its decision as to these redactions. The Court also clarifies that the Times's request to unseal was docketed at Dkt. No. 609 and Dkt. No. 610, as well as its reply at Dkt. No. 612, and that the Court has received no further submissions from the Times at this juncture.

Additionally, in a request made under seal Defendant has sought further time to submit his proposed redactions. The time to propose narrowly tailored redactions for both Defendant and the Government is extended to May 20, 2026. If the Government does not submit proposed redactions by May 20, 2026, the Court may construe its non-response as waiver of any argument against unsealing. Further materials that a Party does not wish to be redacted, such as cover letters, may be filed directly on the docket in this case rather than submitted to the Court under seal.

So Ordered.

May 14, 2026