MEMO ENDORSED

# SUSAN C. WOLFE, ESQ.
Law office of Susan C. Wolfe
2400 Johnson Ave, Suite 1G
Bronx, York 10463

Tel:  (917) 209-0441                                                    Diane Fischer,
Email:  scwolfe@scwolfelaw.com                                of counsel


May 19, 2026

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

**Re:**  *United States v. Nicholas* **Tartaglione** 16-cr-832 (KMK)

Dear Judge Karas:

We write to inform the Court of what we have done in preparation for tomorrow's submissions and to propose a procedure for unsealing in three stages, on a rolling basis

With respect to the transcripts, we have identified all of the portions that should be unsealed because of Mr. Tartaglione's public statements.  That category of materials includes both factual assertions and some, but not all, attorney arguments and commentary by the attorneys and the Court.

Another category includes portions of the transcripts that occur within and around sections about the Note and/or Epstein that we need to go back and take a closer look at.  I was sensitive, in reading these portions, to whether there was anything about the Note and its surrounding circumstances that was new or different from what is in the portions to be unsealed, and I do not believe there were any such instances.  One of the reasons we need to take a closer look at these sections is because attorneys often make statements and arguments

Hon. Kenneth Karas
May 19, 2026
Page 2

without attribution, as if they have first-hand knowledge. Imbedded within these narratives can be information that came from the client that is privileged.  We have to read everything the attorneys said with the question, "how does he know that," in the back of our minds.  In addition, any statement made by co-counsel about what his colleague said or conversations they had must be examined for privileged information.

The third, largest category is everything else, which frankly we have not had time to review in any depth whatsoever, except to determine that it did not have anything to do with the Note or Epstein.

We propose that the court unseal every page that has to do with Epstein or the Note, with redactions, for now, of those portions we need more time to evaluate. The New York Times has asked to know what proportion of the relevant sections we are redacting.  We can provide that information by doing the redactions in two different colors.

Finally, provided the Court permits us to do this on a rolling basis, redacting each entire transcript at this point will require hours of page by page or paragraph by paragraph redacting.  We hope to be able to enlist a paralegal or student to assist us.

For now, we propose to extract into a single document every page that contains anything Note-related, that we agree after review should be unsealed, and redact the portions of those pages that will be addressed in the next round.  We will include the cover pages of each transcript.

Next we will start working on the "needs another look" redacted portions.  For any portions we believe should remain sealed, we will provide the Court with specific reasons.

We ask the Court and the New York Times to be as patient as you can.  I am a sole practitioner and, for the last two weeks, I have had to

Hon. Kenneth Karas
May 19, 2026
Page 3


drop everything and juggle my responsibilities to other clients with a big pile up on the horizon.  Ms. Parsons has just returned from vacation with many fires to put out.

Thank you for your consideration.

Respectfully submitted,

S/

Susan C. Wolfe


As no Party has taken the position that there is any basis for sealing any portion of this letter, and the Court can identify no basis for its being sealed, the Clerk of Court is respectfully directed to docket this letter.

So Ordered.

May 28, 2026.